IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT COOK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1160 |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 23rd day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Although Plaintiff raises several arguments as to why he believes the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC"), in finding his conditions did not satisfy a listing, and in ultimately finding him not to be disabled, he essentially asks simply for the Court to come to its own conclusion based on evidence he deems to be persuasive. The Court cannot and will not do so, and in fact, has little to add to the particularly thorough and well-reasoned decision of the ALJ. Accordingly, it will add to the discussion contained in that decision only the following.

Plaintiff takes issue with certain pieces of evidence on which the ALJ relied in making his findings, such as mental status examination results and his activities of daily living. However, it is axiomatic that an ALJ can, and in fact must, consider objective medical evidence such as clinical findings and mental status reports in making his or her findings. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 16-3p, 2016 WL 1119029, at *5 (S.S.A. 2016). This includes considering the consistency between a treating source's opinion and his or her own treatment notes. *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 802-03 (3d Cir. 2019). There was likewise nothing inappropriate in the ALJ considering Plaintiff's activities of daily living in evaluating the severity of Plaintiff's symptoms and limitations. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). Moreover, the ALJ did not solely rely on the evidence cited by Plaintiff in determining the RFC or in otherwise making his findings. Indeed, evidence such as Plaintiff's activities of daily living, including his volunteer work and significant physical exercise, and objective findings such as largely normal mental status examinations and generally unremarkable clinical findings as to his range of motion, gait, and muscle strength were discussed within the context of all of the record evidence. The ALJ's discussion was extremely thorough, balanced, and clear. He weighed the testimony, objective medical evidence, Plaintiff's treatment history, and the medical opinion evidence and explained how he did so.

As there was nothing wrong with the factors considered by the ALJ, all Plaintiff can really ask the Court to do is reweigh the evidence. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). To the extent the Court is being asked to come to its own conclusion based on the evidence, therefore, it declines to do so.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:    Counsel of record

---

Accordingly, the Court finds that the ALJ, in his well-crafted decision, applied the correct legal standards and that substantial evidence supports that decision. It will therefore affirm.